# STATE OF MICHIGAN

# COURT OF APPEALS

---

DARLENE SMITH,

        Plaintiff-Appellant,

v

HERTZ SCHRAM, PC and LISA STERN,

        Defendants-Appellees.

UNPUBLISHED
July 26, 2018

No. 337826
Oakland Circuit Court
LC No. 2016-152060-NM

---

Before: MURPHY, P.J., and JANSEN and RONAYNE KRAUSE, JJ.

JANSEN, J. (*dissenting*).

I respectfully dissent.

To succeed on her legal malpractice claim, plaintiff must establish: (1) the existence of an attorney-client relationship; (2) negligence in the legal representation of the client; (3) an injury that was proximately caused by the negligence; and (4) the fact and extent of the injury alleged. *Simko v Blake*, 448 Mich 648, 655; 532 NW2d 842 (1995). There is no question that an attorney client relationship existed between plaintiff and attorney Lisa Stern and Hertz Schram, PC. Accordingly, that element is satisfied. Likewise, if plaintiff were able to establish that Stern's representation was negligent, plaintiff is able to show that she was injured by that negligence, as well as the extent of her injury. In other words, but for Stern's negligent legal representation, plaintiff would have received the full value of what she was entitled under the property settlement agreement (PSA).

With respect to the second element, I take issue with the majority's conclusion that Stern's representation of plaintiff was not negligent. First, in my view, the PSA is drafted broadly, and does not control or govern future discovery requests of any kind. By failing to return to family court following mediation to seek more information, Stern was negligent. Plaintiff had an ongoing interest in various business holdings, and was entitled to have Leider provide accurate valuations of those holdings before settlement. Stern should have advised plaintiff to walk away from the $65,000 figure offered by Leider in mediation and to return to family court to pursue the discovery matter further. Settlement should never have been a serious consideration, particularly given Stern's own suspicions that there was something fishy about the 2010 transaction where Leider allegedly sold 600 units, or 480,000 shares, of Destination Media, LLC stock. Specifically, Stern testified in her deposition that she found that transaction to be suspicious because Leider turned around and repurchased the 600 units for the same price,

-1-

$60,000, which is unusual given the fact that Destination Media, LLC was a growing company. Additionally, where Stern had already attempted to file a breach of fiduciary duty action on behalf of plaintiff, she should have been aware that because Leider held plaintiff's interest in a constructive trust, he had a fiduciary duty to continue to disclose information relating to plaintiff's interests in the business holdings. Regardless of whether plaintiff's divorce counsel neglected to obtain various stock certificates at the time of the divorce, Leider's fiduciary status should have compelled him to disclose such information in good faith. Instead, Leider sought to block plaintiff's access to pertinent information at every turn. Stern failed to obtain critical documentary evidence relating to the value of plaintiff's interests by failing to pursue this matter further. In my view, this constitutes negligence.

Additionally, Stern should have noticed that the threat made by Leider to not exercise his stock options was a red herring, and was intended to dissuade plaintiff from pursuing the matter further. Such a threat would have been highly suspect given that the parties were engaging in mediation, and should have tipped Stern off that Leider was attempting to put more pressure on plaintiff to give in and settle. I believe this also holds true for the threat Leider made that plaintiff may have had to pay some $320,000 if Leider did exercise his stock options.

Next, with respect to the forensic CPA's opinion not to settle, I agree with the majority that it appears Stern initially indicated to plaintiff that the forensic CPA's recommendation was the best course of action: stand in the same shoes as Leider and take a "wait and see" approach. However, I again remain firm that Stern should have never presented settlement as a viable option. Moreover, the forensic CPA had advised Stern that numerous financial documents and various other pieces of documentary information were required to conduct a proper analysis of the companies and their worth. Although Stern requested this information, she never received it, due to Leider's objections to the discovery requests. Leider's reluctance to disclose information about the business holdings that plaintiff was entitled to, despite his status as a fiduciary, could easily be characterized as stonewalling, and should have put Stern on high alert.

Further, with respect to language in the settlement agreement that acknowledged that neither party had relied on any "representation, inducement, or condition not set forth in this agreement," Stern should never have allowed it. The fact that Stern essentially released Leider from future liability for any material misrepresentations made in connection with the settlement agreement was negligent. Further still, Stern was negligent for allowing plaintiff to warrant that she was not entitled to obtain any information or documents not only from Leider, but also from the company in which plaintiff held an interest. Despite not being a party to the post-divorce proceedings, a representative of that company appeared before the discovery master at an in camera session that neither Stern nor Leider's counsel were allowed to participate. However, any oral representations made to the discovery master were never supported by any writings or other documentary evidence, at least none that was available to plaintiff or Stern, and therefore were unreliable on their face. In fact, as a non-party, the company was extremely reluctant to disclose any financial information regardless of the fact that a protective order had been put in place. That such language was ever proposed should have been a red flag for Stern that information was being withheld and provided a basis for the non-cooperation regarding discovery. Essentially, such language immunizes a non-party from fraud, which should have been suspect to Stern, particularly in light of the 2010 transaction. In my view, advising plaintiff to agree to that language was negligent.

Finally, even if I were to accept Stern's position that plaintiff simply wanted to settle in order to move on with her life and not spend any more time and money on litigation, it was negligent for Stern to present settlement as an option. Such advice was not sound, as it would have cost plaintiff nothing to "wait and see." Regardless, even if plaintiff persisted, Stern should have had plaintiff sign a release, indicating it was her intention to enter into the settlement agreement despite her counsel's advice to the contrary.

I take issue with the majority's conclusions about what would or would not have happened in the family court, or what would have happened if Stern had pressed the discovery issue further, as such conclusions call for too much speculation. I believe that a material question of fact for the trier of fact continues to exist regarding whether Stern's representation of plaintiff was negligent. Accordingly, I would reverse the trial court's grant of summary disposition in favor of defendants and remand for further proceedings.


/s/ Kathleen Jansen